**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 3:93-cr-00075-HDM-VPC |
| | ) | 3:14-cv-00089-HDM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| PAULA ANDREWS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

    Before the court is defendant Paula Andrews' ("defendant") motion pursuant to 28 U.S.C. § 2255 (#162). The basis of defendant's motion is the Supreme Court's recent decision in *Alleyne v. United States*, – U.S. –, 133 S. Ct. 2151 (2013).

    Defendant was convicted and sentenced in this matter in 1994. On April 28, 1997, she filed a pro se motion to vacate, set aside, or correct sentence under § 2255. (*See* Doc. #111). On May 5, 1997, the court appointed defendant counsel for her petition, and on July 21, 1997, counsel filed an amended § 2255 motion on defendant's behalf. On December 2, 1997, the court conducted an evidentiary hearing on defendant's motion and denied the motion

1

without prejudice to renew within 30 days "on the limited issue of appropriate preparation and discussions prior to trial." (Doc. #122). The court later granted defendant until February 2, 1998, to file the renewed motion. On that date, defendant filed a motion to reopen the evidentiary hearing and supplement the record. On February 10, 1998, the court denied the motion and confirmed its order denying defendant's § 2255 motion. (Doc. #127). The court concluded that nothing in the defendant's motion to reopen would change its conclusion that the result of defendant's trial would not have been any different "absent any errors." *See id.* Defendant appealed the court's order but was denied a certificate of appealability by both this court and the Court of Appeals.

In September 2000, defendant filed a motion requesting appointment of counsel in light of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The court denied plaintiff's motion for counsel, holding that plaintiff was capable of presenting the *Apprendi* issue without assistance of counsel. (Doc. #136). Plaintiff did not file any further documents or motions in this case, including any motion based on *Apprendi*, until the motion presently before the court.

As plaintiff has already filed a § 2255 motion that was heard and decided on the merits, the instant motion is second or successive. The court may not consider a second or successive § 2255 motion absent a certificate from the Court of Appeals authorizing it to do so. 28 U.S.C. § 2255(h); *id.* § 2244; *United States v. Washington*, 653 F.3d 1057, 1065 (9th Cir. 2011). The court has no such certification before it and therefore lacks jurisdiction to consider plaintiff's petition.

2

To the extent defendant argues that her petition may be filed under § 2255(f)(3) without first receiving approval from the Court of Appeals, that argument is without merit. Section 2255(f)(3) requires that § 2255 motions be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Defendant asserts that *Alleyne* created a newly recognized right retroactively applicable to cases on collateral review. However, § 2255(f)(3) governs only the time within which § 2255 motions must be filed. It does not create a right to file a second or successive petition without first obtaining authorization from the Court of Appeals. *See Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012). Further, even if it did allow the defendant to bypass the second or successive certification requirement, several circuits have already held that *Alleyne* did not establish a new law that is retroactively applicable on collateral review. *See United States v. Redd*, 735 F.3d 88, 90-92 (2d Cir. 2013); *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013); *In re Payne*, 733 F.3d 1027, 1030 (10th Cir. 2013). Thus, defendant's petition is not at any rate timely under § 2255(f)(3).[1]

Accordingly, because the court lacks jurisdiction to consider

---

[1] While defendant also asserts her motion is timely under § 2255(f)(4) - allowing a § 2255 motion to be filed within a year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence" – she provides no factual basis for applying that provision here. Moreover, regardless of whether it applies, her motion is still subject to the second or successive bar and therefore may not be filed without certification from the Court of Appeals.

3

the defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, the motion (#162) is hereby **DISMISSED.**

IT IS SO ORDERED.

DATED: This 20th day of February, 2014.

_____
UNITED STATES DISTRICT JUDGE

4