# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 3:93-cr-00075-HDM-VPC |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| PAULA ANDREWS, | ) | |
| Defendant. | ) | |

    Before the court is defendant Paula Andrews' ("defendant") motion pursuant to 18 U.S.C. § 3582(c)(2) (#168). Section 3582(c)(2) provides that where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment." Defendant has not shown that the Sentencing Commission subsequently lowered the sentencing range applicable to her crimes. As defendant has not established that she is entitled to any relief under § 3582(c)(2), her motion pursuant to § 3582(c)(2) (#168) is **DENIED**.

    Defendant's motion in fact relies not on any actions taken by

the Sentencing Commission but on the Supreme Court's decision in *Johnson v. United States*, – U.S. –, 135 S. Ct. 2551 (2015). The appropriate basis for a motion seeking relief pursuant to *Johnson* is 28 U.S.C. § 2255. The court therefore construes defendant's motion as being brought pursuant to § 2255. As explained in the court's order of February 20, 2014 (Doc. #163), any § 2255 petition in this case is second or successive. The court may not consider a second or successive § 2255 motion absent a certificate from the Court of Appeals authorizing it to do so. 28 U.S.C. § 2255(h); *id.* § 2244; *United States v. Washington*, 653 F.3d 1057, 1065 (9th Cir. 2011). The court has no such certification before it. As the court thus lacks jurisdiction to consider defendant's second or successive petition, the petition is hereby **DISMISSED.**

    IT IS SO ORDERED.

    DATED: This 6th day of May, 2016.

_____
UNITED STATES DISTRICT JUDGE