UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br>     v.<br><br>PAULA ANDREWS,<br><br>           Defendant. | Case No. 3:93-cr-00075-HDM<br><br>ORDER |

Defendant Paula Andrews has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 194). The government has opposed (ECF No. 198), and Andrews has replied (ECF No. 201).

On August 22, 1993, Andrews and her brother, co-defendant Ivan Andrews, shot four people, killing two. Andrews was charged with two counts of first degree murder, two counts of attempted murder, and four counts of use of a firearm during and in relation to a crime of violence. At trial, the jury found Andrews guilty of the lesser-included offenses of second degree murder and attempted voluntary manslaughter, as well as all § 924(c) charges. Andrews was sentenced to a total of 188 months for the murder and attempted murder convictions, and 65 consecutive years for the § 924(c) convictions. Andrews has been in custody since 1993 and has a current projected release date of July 26, 2062. *See* https://www.bop.gov/inmateloc/ (last accessed Dec. 8, 2020). She now seeks early release from confinement pursuant to the provisions of 18 U.S.C. § 3582(c)(1)(A).

**I. Standard**

18 U.S.C. § 3582(c)(1)(A) provides in relevant part:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[1]

U.S.S.G. § 1B1.13 provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
>     (1)(A) extraordinary and compelling reasons warrant the reduction;
>
>     . . .

---

[1] In addition to "extraordinary and compelling reasons," the court may grant a motion if "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A)(ii). Because Andrews is not more than 70 years of age and has not served more than thirty years in prison, this provision does not apply.

2

>        (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
>        (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

The application notes to § 1B1.13 set forth specific examples of "extraordinary and compelling reasons," including that the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 app. n.(1)(A)(ii)(I). Extraordinary and compelling reasons can also arise from family circumstances, including either "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children"; or "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id.* § 1B1.13 app. n.(1)(C). Finally, there is also a catch-all provision, which provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* app. n.(1)(D).

While several circuit courts have recently concluded that § 1B1.13 does not apply at all to motions brought directly by the defendant, *United States v. McCoy*, -- F.3d --, 2020 WL 7050097, at *6-7 (4th Cir. Dec. 2, 2020); *United States v. Jones*, -- F.3d --, 2020 WL 6817488, at *8-9 (6th Cir. Nov. 20, 2020); *United States v. Gunn*, -- F.3d --, 2020 WL 6813995, at *2 (7th Cir. Nov. 20,

2020); *United States v. Brooker*, 976 F.3d 228, 234-36 (2d Cir. 2020), the Ninth Circuit has not yet addressed the issue and, in its unpublished decisions, continues to cite § 1B1.13 as relevant authority in this context. *See, e.g.*, *United States v. Dvorak*, 2020 WL 7230602, at *1 (9th Cir. Dec. 8, 2020) (unpublished disposition). Other circuit courts also continue to identify § 1B1.13 as the applicable policy statement. *See United States v. Monaco*, 2020 WL 6194688, at *3 (11th Cir. Oct. 22, 2020) (unpublished disposition); *United States v. Bell*, 823 Fed. App'x 283, 284 (5th Cir. 2020) (unpublished disposition).

Absent contrary binding authority, the court concludes that, to the extent it is applicable, § 1B1.13 is the relevant policy statement for considering § 3582(c)(1)(A) motions brought by the defendant. Further, the court agrees with the well-reasoned opinions of several other courts that although the catch-all provision by its terms applies only where the *warden* has found extraordinary and compelling reasons, the court is free to determine for itself whether extraordinary and compelling reasons exist -- with or without the warden's blessing. *See United States v. Etzel*, 2020 WL 2096423, at *3 (D. Or. May 1, 2020); *United States v. Haynes*, 2020 WL 1941478, at *14 (E.D.N.Y. Apr. 22, 2020) (collecting cases); *United States v. Redd*, 2020 WL 1248493, at *7 (E.D. Va. Mar. 16, 2020) ("Application Note 1(D)'s prefatory language, which requires a [catch-all] determination by the BOP Director, is, in substance, part and parcel of the eliminated requirement that relief must be sought by the BOP Director in the first instance.... [R]estricting the Court to those reasons set forth in § 1B1.13 cmt. n.1(A)-(C) would effectively preserve to a

4

large extent the BOP's role as exclusive gatekeeper, which the First Step Act substantially eliminated.").

The defendant is not entitled to be present for a hearing on a motion for compassionate release. *See* Fed. R. Crim. P. 43(b)(4).

**II. Analysis**

Andrews asserts extraordinary and compelling reasons on three grounds: (1) her assertion, raised in her pending § 2255 motion, that her § 924(c) convictions are no longer valid; (2) the recent change to § 924(c), which eliminated the "stacking" provisions that were applied to her sentence; and (3) the COVID-19 epidemic and the increased risk of severe outcome she faces should she contract the novel coronavirus. The government opposes, arguing that none of Andrews' asserted grounds amounts to extraordinary and compelling reasons for her early release.

**A. Exhaustion**

Before a defendant may file a § 3582(c)(1)(A) motion, she must either (1) exhaust any administrative appeals of the warden's refusal to bring a motion or (2) wait thirty days from the warden's receipt of the request, whichever is earlier. Andrews filed a request for compassionate release on June 15, 2020, and an appeal of the denial on July 7, 2020, more than thirty days ago. (ECF No. 194-1). The motion is therefore exhausted.

**B. Extraordinary and Compelling Reasons**

First, Andrews asserts that her § 924(c) convictions are no longer valid. This claim has been raised in her pending 28 U.S.C. § 2255 motion, which is currently stayed. The court concludes that unresolved legal arguments raised by the defendant in this action do not constitute extraordinary and compelling reasons for early

5

release. The merits of Andrews' claim regarding her § 924(c) convictions will be resolved in due course in her pending § 2255 proceedings. If the court ultimately determines Andrews' claim has merit, she will be afforded relief at that time.

Second, Andrews asserts that had she been charged and convicted today, her sentence would have been much shorter. She argues that this amounts to extraordinary and compelling reasons for a modification to her sentence.

At the time of Andrews' offenses, an enhanced sentence of twenty years applied to any second or subsequent § 924(c) conviction, even if the second or subsequent conviction was in the same prosecution as the first. The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) eliminated this type of stacking by amending § 924(c) to require an enhanced sentence only where the defendant's prior conviction was final at the time of the violation. The Act did not make this change retroactively applicable. Thus, although Andrews recognizes she is not entitled to relief based on this change, she asks the court to consider, as an equitable matter, that had she been charged today her § 924(c) would not have been stacked and, as a result, her sentence would have been much shorter.

The court concludes that a nonretroactive change in the law does not amount to an extraordinary and compelling reason for a sentence modification, at least not in this case. *See United States v. Tovar*, 2020 WL 3578579, at *4 (D.N.D. July 1, 2020); *see also United States v. Saldana*, 807 Fed. App'x 816, 820 (10th Cir. 2020) ("[N]either the § 1B1.13 commentary nor BOP Program Statement 5050.50 identify post-sentencing developments in case law as an

6

'extraordinary and compelling reason' warranting a sentence reduction."); *United States v. Nasirun*, 2020 WL 686030, at *2 (M.D. Fla. Feb. 11, 2020). Further, even if it were an appropriate consideration, the court would not be inclined to modify Andrews' sentence because even under the current law she would not be entitled to immediate release.

As the law currently stands, the minimum sentence for a § 924(c) violation in which the firearm was discharged is ten years. 18 U.S.C. § 924(c)(1)(A)(iii). Given that the jury found Andrews guilty of killing two people, and of attempting to kill two others, and the fact that Andrews used a shotgun to accomplish these crimes, it is probable that the jury would have also found the firearm had been discharged in each instance. Thus, Andrews' sentence today for the § 924(c) offenses likely would have been at least 40 years, resulting in a release date of no earlier than 2040. Under these circumstances, the court does not find the change to the law -- alone or in combination with the current COVID-19 epidemic -- amounts to extraordinary and compelling reasons for Andrews' release.

Finally, Andrews asserts that her age, which is 52, combined with the effects of her long-term incarceration and her obesity put her at an increased risk of negative COVID-19 outcomes should she contract the novel coronavirus.[2] Since the filing of her motion, however, Andrews advised counsel that she had contracted and tested positive for COVID-19 and was suffering numerous symptoms as a result, including loss of sense of taste and smell,

---

[2] Andrews did not raise obesity until the reply but the court will nevertheless consider it in evaluating her claim.

7

gastrointestinal distress, dry nose, body fatigue, heaviness in her chest, and being easily winded.

Andrews' medical records reflect that she tested positive for COVID-19 on October 11, 2020, and was placed in isolation status thereafter. While Andrews' obesity does place her at a higher risk of severe COVID-19 outcomes, she has actually contracted COVID-19 and -- apparently -- endured no more than the typical, relatively moderate symptoms of the virus.[3] And the risk of reinfection is low. Recent scientific studies have found that COVID-19 neutralizing antibodies are stably produced for 5-7 months after onset of illness. *See* Tyler J. Ripperger et al., Orthogonal SARS-CoV-2 Serological Assays Enable Surveillance of Low-Prevalence Communities and Reveal Durable Humoral Immunity, Immunity (Oct. 13, 2020), https://www.cell.com/immunity/fulltext/S1074-7613(20)30445-3. And documented cases of reinfection, while they do exist, are rare. *See* https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html. Accordingly, it is highly unlikely Andrews will be reinfected, and speculative that reinfection would lead to significantly more serious symptoms than she has already experienced. Further, it is likely that a COVID-19 vaccination will be available relatively soon for inmates in the federal institutions. For all those reasons, the court is not persuaded that the COVID-19 epidemic constitutes extraordinary and compelling reasons for Andrews' release.

In sum, the court concludes that Andrews has not established extraordinary and compelling reasons to support modification of

---

[3] There has been no indication that Andrews has suffered more severe complications.

8

her sentence and early release at this time. Having so decided, the court declines to address whether Andrews remains a danger to the community or to re-weigh the § 3553(a) factors.

**III. Conclusion**

In accordance with the foregoing, Andrews' motion for compassionate release (ECF No. 194) is hereby DENIED.

IT IS FURTHER ORDERED that Andrews' request for an evidentiary hearing is DENIED.

IT IS SO ORDERED.

DATED: This 29th day of December, 2020.

_____
UNITED STATES DISTRICT JUDGE