UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | Case No. 3:93-cr-00075-HDM |
|---|---|
| Plaintiff, | Case No. 3:17-cv-00158-HDM |
| v. | |
| PAULA ANDREWS, | ORDER |
| Defendant. | |

Defendant Paula Andrews ("Andrews") has filed a motion for leave to amend her 28 U.S.C. § 2255 motion (ECF No. 209). The government has responded (ECF No. 211), and Andrews has replied (ECF No. 212).

On August 22, 1993, Andrews opened fire on a car that contained several people, killing Steven Williams and injuring Matt John and James Thomas. During the same altercation, Andrews' brother, co-defendant Ivan Andrews ("Ivan Andrews"), shot and killed Stephen Lowery. Andrews and her brother were arrested and charged with two counts of first degree murder and aiding and abetting, two counts of attempted murder and aiding and abetting, and four counts of use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c).

At trial, a jury found Andrews guilty of one count of second degree murder for the murder of Williams, one count of aiding and abetting in second degree murder for the murder of Lowery, two counts of attempted voluntary manslaughter, and all four firearms charges. *See United States v. Andrews*, 75 F.3d 552, 554-55 (9th Cir. 1996). Andrews' brother, Ivan, was found guilty of one count

1

of second degree murder for the murder of Lowery, one count of aiding and abetting in second degree murder for the murder of Williams, two counts of aiding and abetting attempted voluntary manslaughter, and all four § 924(c) charges. On appeal, the Ninth Circuit affirmed Paula Andrews' convictions. However, after concluding that there was "no evidence that Ivan knowingly and intentionally aided, counselled, commanded, induced, or procured Paula to shoot the people in the car," *id*. at 555, the Court of Appeals reversed Ivan's three aiding and abetting convictions and the § 924(c) convictions that relied thereon.

On March 10, 2017, pursuant to leave granted by the Court of Appeals, Andrews filed a second or successive motion to vacate pursuant to 28 U.S.C. § 2255.[1] In her motion, Andrews asserts that her § 924(c) convictions are no longer valid after *Johnson v. United States*, 576 U.S. 591 (2015). *Johnson* held that the residual clause of the definition of "violent felony" contained in 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague. In July 2018, the court stayed proceedings on the motion pending the Ninth Circuit's decision in *United States v. Begay*, 14-10080. Proceedings on Andrews' motion remain stayed pending a final decision in *Begay*.

In June 2019, the Supreme Court ruled in *United States v. Davis*, 139 S. Ct. 2319 (2019) that the residual clause contained in the definition of a "crime of violence" under § 924(c) – Andrews' statute of conviction -- is also unconstitutionally

---

[1] Andrews filed an abridged motion to vacate in June 2016, pending authorization from the Court of Appeals to file the second or successive motion. The Ninth Circuit granted such authorization in February 2017.

2

vague. The parties have yet to address the impact of *Davis* on Andrews' motion.

Andrews now requests leave to amend her pending motion to assert that for each of her predicate crimes of violence she was convicted under an aiding and abetting theory, that aiding and abetting offenses do not categorically qualify as crimes of violence under 18 U.S.C. § 924(c)'s elements clause, and that, on this additional ground, her four § 924(c) convictions are invalid. Andrews also seeks to incorporate arguments based on subsequent case law, namely *Davis*, 139 S. Ct. 2319 and *United States v. Dominguez*, 954 F.3d 1251, 1261-62 (9th Cir. 2020).

The government opposes, arguing that Andrews has unduly delayed in seeking to amend and that amendment would be futile.

Under Federal Rule of Civil Procedure 15(a)(2), "the court should freely give leave [to amend] when justice so requires." However, leave to amend "is not to be granted automatically." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013). The court "considers the following five factors to assess whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Id.* (internal punctuation omitted).

Addressing the question of futility first, it is beyond reasonable dispute that Andrews was the principal of three of the four predicate crimes on which her § 924(c) convictions were based. Not only did the facts clearly show that it was Andrews who fired the weapon that killed Williams and injured John and Thomas, the Ninth Circuit described her as the principal of these crimes and

3

specifically reversed Ivan Andrews' convictions for these same crimes because there was no evidence he "'participate[d] in [Paula's shootings] as something that he wishe[d] to bring about,' or sought 'by his action[s] to make ... succeed.'" *Andrews*, 75 F.3d at 556. Amending the petition to assert that Andrews was found guilty of these predicate crimes under an aiding and abetting theory would be futile. The futility of this proposed amendment outweighs all other factors, even assuming they would otherwise weigh in favor of amendment. To the extent that Andrews seeks to amend the petition to allege that she was convicted under an aiding and abetting theory for the murder of Williams and the attempted murder of Thomas and John, the motion will be denied.

Andrews' request to amend as to the Lowery murder conviction, however, would not necessarily be futile. The evidence and law of the case demonstrates that Andrews' conviction as to this crime was under an aiding and abetting theory. And, as the government concedes, it is an open question in this circuit whether aiding and abetting qualifies as a crime of violence. The remaining factors do not overall weigh against allowing amendment. While Andrews did wait nearly four years from filing her full § 2255 motion before requesting leave to amend, these proceedings have been stayed for more than half of that time. Thus, if the delay in seeking leave to amend weighs against amendment, it does so only slightly. Further, the remaining factors weigh in favor of amendment: There is no indication that the amendment is sought in bad faith or that the government will suffer any prejudice from an amendment, and there have been no previous amendments.

4

Andrews will therefore be permitted to amend her motion to assert that her conviction for Lowery's murder was under an aiding and abetting theory. She may also amend her motion to include any additional legal arguments based on opinions issued after the filing of her motion.

In accordance with the foregoing, IT IS THEREFORE ORDERED that Andrews' motion for leave to amend (ECF No. 209) is GRANTED IN PART and DENIED IN PART as set forth above.

IT IS FURTHER ORDERED that Andrews shall file an amended motion to vacate in accordance with this order no later than April 8, 2021. The government shall file a response to the amended motion on or before May 24, 2021, and the defendant shall file any reply on or before June 23, 2021.

IT IS SO ORDERED.

DATED: This 22nd day of February, 2021.

_____
UNITED STATES DISTRICT JUDGE